FICARROTTA, GASPER J., Associate Judge.
Kashner Davidson Securities (“KDS”) and Victor Kashner assert numerous points on appeal, which they contend support reversal of the lower court’s judgment in favor of Mr. and Mrs. Desrosiers on their securities fraud claim. Because we hold the evidence was insufficient to prove a violation of chapter 517, Florida Statutes (1987), we need not address the rest of the appellants’ contentions, or the issue on cross appeal based on the lower court’s denial of the Desrosiers’ request for punitive damages.
The Desrosiers filed a complaint against KDS, Kashner and another employee of KDS for damages based on a stock purchase the Desrosiers made through KDS. They asserted several theories of recovery, but the lower court dismissed some of the counts before trial. After a bench trial, the court found KDS and Kashner liable only for statutory securities fraud in contravention of section 517.301, Florida Statutes (1987). It entered judgment against them under section 517.211, Florida Statutes (1987), which provides the remedies for a violation of section 517.301. The other employee was exonerated on all counts.
*1107 The count in the Desrosiers’ complaint alleging statutory securities fraud was based on misrepresentation. The elements of this cause of action are: (1) a misrepresentation; (2) of a material fact; (3) on which the investor relied. E.F. Hutton & Co., Inc. v. Rousseff, 537 So.2d 978, 981 (Fla.1989). The complaint asserted that on October 7, 1987, the Desrosiers purchased stock through KDS. Two days later, they instructed KDS to sell the stock. On October 12, 1987 and several times thereafter, they again demanded the stock be sold. KDS eventually sold it in December 1987, and the Desrosi-ers suffered a loss. The material misrepresentation set out in the complaint was that the defendants told the Desrosiers they “were unable to sell [the Desrosiers’] shares of BLOCKERS STOCK.” The Desrosiers claimed they relied on this misrepresentation by foregoing the opportunity of contacting another broker to sell the stock for them.
The evidence at trial simply did not prove that Mr. Kashner or any employee of KDS made the misrepresentation alleged to either of the Desrosiers, or that they in any way relied on the statements of the KDS employees. None of the witnesses employed at KDS admitted saying they were unable to sell the stock. Mr. Desrosiers testified that on October 9, 1987, he instructed a KDS employee to sell the shares. The next day he inquired if they had been sold and the employee said Mr. Kashner wished to discuss the sale with him. Mr. Desrosiers testified that Mr. Kashner told him “he wanted to work his way out of the CA Blockers instead of dumping all 25,000 shares on the market at one time.” In response to that comment, Mr. Desrosiers told Mr. Kashner “[t]hat would be okay, as long as he sold the stock.” Several days later, Mr. Desrosiers again told Mr. Kashner to sell the stock. He testified that Mr. Kashner told him “[h]e was working on it.” This was the extent of Mr. Desrosi-ers’s testimony about what Mr. Kashner and the other employee told him. Mrs. Desrosi-ers did not testify. We further note that Mr. Desrosiers was a sophisticated investor. The evidence showed he worked with several brokers other than KDS. He manages the Des-rosiers’ investments and accounts, personally makes all investment decisions and has made thousands of securities trades. Even assuming that Mr. Kashner’s statements could be construed as a misrepresentation, no evidence showed how such an experienced investor could have relied on them to his detriment.
It is not disputed that KDS was selling shares of CA Blockers stock for its own account during the relevant period in October 1987, nor is it disputed that KDS did not sell the Desrosiers’ stock until December 1987. The misrepresentation alleged, however, was that KDS or its employees told the Desrosiers they were unable to sell the stock. The Desrosiers failed to prove that anyone at KDS made this statement. The trial court, therefore, erred in finding a violation of section 517.301, and imposing judgment based on the remedies set forth in section 517.211. Accordingly, we reverse and remand to the lower court to enter judgment in favor of Victor Kashner and KDS.
Reversed and remanded.
FRANK, A.C.J. and PARKER, J., concur.